LAW LIBRARY

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

NO. 30194

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

K. HAMAKADO
CLERK, APPELLATE COURTS
STATE OF HAWAI'I
2010 SEP -9 AM 8:49
FILED

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
EXAVIER A. BROWN, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTC-09-033198)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Reifurth, Ginoza, JJ.)

Defendant-Appellant Exavier A. Brown (Brown) appeals from the Judgment filed on October 26, 2009, in the District Court of the First Circuit (district court).[1] Brown was convicted of excessive speeding, in violation of Hawaii Revised Statutes (HRS) § 291C-105(a)(1) (2007 & Supp. 2009).

Brown's conviction was predicated on a police officer's testimony regarding the speed reading from a laser gun used to measure the speed of Brown's vehicle. Brown objected to the officer's testimony regarding the laser gun's speed reading on the ground of lack of foundation. The district court overruled the objection.

On appeal, Brown argues that the district court erred in convicting him because: 1) the prosecution failed to lay a sufficient foundation to support the admission of the officer's testimony regarding the speed reading from the laser gun; and 2) without that testimony, there was insufficient evidence to prove the charged offense of excessive speeding.

Plaintiff-Appellee State of Hawai'i (State) concedes that pursuant to State v. Assaye, 121 Hawai'i 204, 216 P.3d 1227 (2009), it failed to lay an adequate foundation to support the admission of the officer's testimony because it failed to adduce

---

[1] The Honorable Leslie Hayashi presided.

sufficient evidence to show that the officer's training in the operation of the laser gun met the requirements indicated by the manufacturer. The State therefore agrees with Brown that Brown's excessive speeding conviction cannot stand. The State, however, contends that there was sufficient evidence to prove that Brown committed the traffic infraction of "simple" speeding, in violation of HRS § 291C-102(a)(1) (2007), and the State requests that we remand the case for entry of judgment on this traffic infraction.

We resolve the issues raised on appeal as follows:

1. We conclude that pursuant to Assaye, the State failed to lay a sufficient foundation to support the admission of the officer's testimony regarding the speed reading from the laser gun. Without that testimony, there was insufficient evidence to convict Brown of excessive speeding.

2. Contrary to the State's contention, we further conclude that without the officer's testimony regarding the speed reading from the laser gun, there was insufficient evidence to prove that Brown committed the traffic infraction of "simple" speeding, in violation of HRS § 291C-102(a)(1).

Accordingly,

IT IS HEREBY ORDERED that the October 26, 2009, Judgment of the district court is reversed.

DATED: Honolulu, Hawaiʻi, September 9, 2010.

On the briefs:

Jon N. Ikenaga
Deputy Public Defender
for Defendant-Appellant

Brian R. Vincent
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

2